**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID W. FERNANDES, | ) | 1:07cv0420 AWI SMS |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING DISMISSAL OF ACTION |
| v. | ) | |
| FRANCHISE TAX BOARD VEHICLE REGISTRATION COLLECTIONS, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff David W. Fernandes ("Plaintiff"), proceeding pro se and in forma pauperis, filed the instant action on March 16, 2007. He files suit against the Franchise Tax Board Vehicle Collections Board and requests reinstatement of an allegedly fraudulent debit from his account.

**DISCUSSION**

A. <u>Screening Standard</u>

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

Fed. R. Civ. P. 8(a) provides:

A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id. Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory. Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990); Lewis v. ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.   Analysis

In a one page complaint, Plaintiff explains that he is disputing a fraudulent debit on his account in the amount of $250.00. He states that he did not authorize this debit and requests reimbursement in the amount of $250.00, as well as any related charges. He also requests that he receive an accurate statement. Plaintiff provides no further factual information.

The United States may only be sued to the extent it has consented to suit. United States v. Dalm, 494 U.S. 596 (1990). Any waiver by the United States of its sovereign immunity cannot be implied, but must be unequivocally expressed, and such waivers must be strictly construed in favor of the sovereign. Library of Congress v. Shaw, 478 U.S. 310, 318 (1986).

1 Where there is a lack of consent to suit by the United States, dismissal of the action for lack of
2 subject-matter jurisdiction is required. See <u>United States v. Mitchell</u>, 463 U.S. 206 (1983);
3 <u>Gilbert v. Da Grossa</u>, 756 F.2d 1455 (9th Cir.1985).

4     On his civil cover sheet, Plaintiff indicates that this action is brought pursuant to 26
5 U.S.C. § 6330. This statute is part of the Internal Revenue Code and governs the procedure to be
6 followed before the government can levy property for collection of taxes. According to the
7 statute, a taxpayer must be notified in writing of their right to a hearing before the government
8 can proceed with the collection of taxes by way of a levy on a taxpayer's property. The notice
9 must be provided at least 30 days prior to imposition of the levy and must include information
10 such as the amount of the unpaid taxes, the right to request a hearing and actions that could
11 prevent the levy.

12     The hearing provided by 26 U.S.C. § 1330(b), however, is a hearing before the Internal
13 Revenue Service Office of Appeals. Within thirty days of a decision, the taxpayer may appeal
14 the decision to the Tax Court. 26 U.S.C. § 6330(d)(1). The statute further provides that
15 jurisdiction shall remain with Internal Revenue Service Office of Appeals. 26 U.S.C. §
16 6330(d)(2).

17     Plaintiff's complaint is devoid of sufficient facts to determine where Plaintiff is in the
18 process of contesting the levy, or if he has even started the process. Nor can the Court say for
19 certain that the debit was in fact a levy upon property for the collection of taxes. In any event,
20 the statute under which Plaintiff purports to file this action does not confer jurisdiction upon this
21 Court to hear his dispute. Rather, the statute specifically states that jurisdiction shall remain with
22 the Internal Revenue Service Office of Appeals. Absent allegations that the dispute somehow
23 falls outside of the jurisdiction of the Tax Court, this Court cannot exercise subject matter
24 jurisdiction over Plaintiff's claims. See eg. <u>Fabricus v. United States</u>, 2002 WL 31662301
25 (E.D.Cal. 2002)

26     This Court also lacks jurisdiction to the extent Plaintiff attempts to raise due process
27 violations. District courts do not have jurisdiction over civil claims challenging taxes unless
28 litigants first pay the assessed tax and then raise these claims in a refund suit. <u>Flora v. United</u>

1  States, 362 U.S. 145 (1960) (holding 28 U .S.C. § 1346(a), which gives district courts
2  jurisdiction over civil suits challenging tax assessments, requires full payment of assessed tax
3  prior to suit).
4        Accordingly, this Court lacks subject matter jurisdiction over the instant complaint.  As
5  this deficiency cannot be remedied, the Court recommends that the action be dismissed without
6  leave to amend.

### **RECOMMENDATION**

8        Pursuant to the above, the Court recommends that this action be DISMISSED WITHOUT
9  LEAVE TO AMEND.
10       These Findings and Recommendations are submitted to the Honorable Anthony W. Ishii,
11 United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and
12 Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District
13 of California.  Within thirty (30) days after being served with a copy, any party may file written
14 objections with the court and serve a copy on all parties.  Such a document should be captioned
15 "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections
16 shall be served and filed within ten (10) court days (plus three days if served by mail) after
17 service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to
18 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the
19 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
20 F.2d 1153 (9th Cir. 1991).

22  IT IS SO ORDERED.
23 **Dated:   May 4, 2007**            /s/ Sandra M. Snyder
                                       UNITED STATES MAGISTRATE JUDGE